**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| *IN RE: ZICAM COLD REMEDY MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION* | No. 09-md-02096-PHX-FJM<br><br>**RULE 54(b) JUDGMENT, FINAL ORDER AND DECREE** |
| THIS DOCUMENT RELATES TO:<br><br>All Economic Injury Actions. | |

This matter comes before the Court on the Plaintiffs' Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees and Costs (doc. 1422). After review and consideration of the Settlement Agreement entered into by the Parties, and after hearing argument of the parties at the Final Approval Hearing held on May 27, 2011 and there being no objections and no opt-outs,

**IT IS HEREBY ADJUDGED AND DECREED THAT:**

1. This Judgment incorporates by reference the definitions in the Amended Settlement Agreement dated February 23, 2011 ("Settlement Agreement") (doc. 1358), and all terms used in this order have the same meaning as set forth in the Settlement Agreement unless otherwise stated.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Settlement Class Members.

3. Pursuant to Rule 23(b)(3), Fed. R. Civ. P., the Court hereby certifies the following Settlement Class:

> All persons in the United States who purchased Zicam Cold Remedy Nasal Spray, Zicam Cold Remedy Swabs, and/or Zicam Cold Remedy Swabs (kids size) for personal, family or household use between January 1, 1999 and October 19, 2010 and claim that the products were not safe. Excluded from the class are all persons who suffered bodily injury arising from the use of these products.

4. Pursuant to Rule 23(a), Fed. R. Civ. P., the Court finds that the Class Representatives listed in Exhibit 2 to the Settlement Agreement are members of the Class, their claims are typical of the Class, and they fairly and adequately protected the interests of the Class throughout the proceedings in the Litigation. Accordingly, the Court hereby appoints those persons listed in Exhibit 2 to the Settlement Agreement as class representatives.

5. Further, the Court finds that the Settlement Class meets all the requirements of Rule 23(a) and (b)(3), Fed. R. Civ. P., for certification of the class claims alleged in the First Consolidated Amended Economic Injury Class Action Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representatives and Class Counsel; (e) predominance of common questions of fact and law among the Class for purposes of settlement; and (f) superiority.

6. Having considered the factors set forth in Rule 23(g)(1), Fed. R. Civ. P., the Court finds that Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement, and thus, hereby appoints Class Counsel as counsel to represent the Settlement Class Members.

7. Pursuant to Rule 23(e)(2), Fed. R. Civ. P., the Court finds based upon all submissions of the Parties, the settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Settlement Agreement are the product of protracted, arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, United States Magistrate Judge David K. Duncan, and numerous follow up conversations and negotiations between the parties. Approval of the Settlement

1 Agreement will result in substantial savings of time, money and effort to the Court and the
2 Parties, and will further the interests of justice.

3     8.    Neither the Settlement, this Judgment or the fact of the Settlement
4 constitutes any admission by any of the Parties of any liability, wrongdoing or violation of
5 law, damages or lack thereof, of the validity or invalidity of any claim or defense asserted
6 in the Litigation.

7     9.    The Court has considered the submissions by the Parties and all other
8 relevant factors, including the result achieved and the efforts of Class Counsel in
9 prosecuting the claims on behalf of the Class. Plaintiffs initiated the Litigation, acted to
10 protect the Class, and assisted their counsel. The efforts of Class Counsel have produced
11 the Settlement Agreement entered into in good faith, and which provides a fair,
12 reasonable, adequate and certain result for the Class. Class Counsel is entitled to
13 reasonable attorneys' fees and expenses for their work incurred in this Litigation, in the
14 amount of $150,000, an amount that Defendants agree to pay.

15     10.    If any of the Zicam Cold Remedy Intra-Nasal Products are re-introduced to
16 the market and sold by Defendants in the U.S., they will be labeled and bear any language
17 regarding adverse effects as required by the U.S. Food and Drug Administration ("FDA").

18     11.    Prior to re-introduction of any Zicam Cold Remedy Intra-Nasal Products to
19 the market in the U.S., Defendant Matrixx Initiatives, Inc. will provide to Plaintiffs' Co-
20 Lead Class Counsel 30 days advance notification, by certified mail, of the proposed
21 labeling of such products, to enable Plaintiffs to ensure Defendants' compliance with the
22 agreed-upon labeling language.

23     12.    Plaintiffs requested, and Defendants did not oppose, and the Court thereby
24 orders that all efficacy claims in the First Consolidated Amended Economic Injury Class
25 Action Complaint be dismissed without prejudice pursuant to Rules 41(a)(2) and 23(e),
26 Fed. R. Civ. P. Efficacy claims will be resolved in <u>Hohman v. Matrixx Initiatives, Inc.</u>,
27 No. CV-09-3693, pending in the Northern District of Illinois. They will not be refiled
28 here. The Court hereby dismisses with prejudice the remainder of Plaintiffs' safety claims

- 3 -

in each of the following economic injury actions, and each of the following actions in this MDL is dismissed:

    MDL First Consolidated Amended Economic Injury Class Action Complaint filed on March 22, 2010 in *In Re Zicam Marketing, Sales Practices and Products Liability Litigation* (MDL 2096)

    *Jason Buszta v. Matrixx Initiatives, Inc., et al.*, U.S. District Court for the District of Arizona, Case No. 2:09-cv-02310 (transferred from U.S. District Court for the Eastern District of Michigan, Case No. 2:09-cv -02310)

    *Floyd Fessler v. Matrixx Initiatives, Inc., et al.,* U.S. District Court for the District of Arizona, Case No. 2:09-cv-02139 (transferred from U.S. District Court for the Southern District of Illinois, Case No. 2:09-cv-02139)

    *Kasey C. Hammett et al. v. Matrixx Initiatives, Inc., et al.*, U.S. District Court for the District of Arizona, Case No. 2:09-cv-02140 (transferred from U.S. District Court for the Southern District of Mississippi, Case No. 2:09-cv-02140)

    *Vickie Hand et al. v. Matrixx Initiatives, Inc., et al.*, U.S. District Court for the District of Arizona, Case No. 2:09-cv-02306 (transferred from U.S. District Court for the Northern District of Georgia, Case No. 2:09-cv-02306)

    *Stefanie Riepe et al. v. Matrixx Initiatives, Inc., et al.* U.S. District Court for the District of Arizona, Case No. 2:09-cv-02141 (transferred from U.S. District Court for the Western District of Missouri, Case No. 2:09-cv-02141)

    *Stewart Roper v. Matrixx Initiatives, Inc., et al.* U.S. District Court for the District of Arizona, Case No. 3:09-cv-08110

    *Barbara Sample v. Matrixx Initiatives, Inc., et al.,* U.S. District Court for the District of Arizona, Case No. 2:09-cv-02135 (transferred from U.S. District Court for the Central District of California, Case No. 2:09-cv-04524)

    *Stephen Willis Siferd v. Matrixx Initiatives, Inc., et al.*, U.S. District Court for the District of Arizona, Case No. 2:09-cv-02311 (transferred from U.S. District Court for the Eastern District of North Carolina, Case No. 2:09-cv-02311)

    *Jay F. Sitzes, et al. v. Matrixx Initiatives, Inc., et al.*, U.S. District Court for the District of Arizona, Case No. 2:09-cv-02303 (transferred from the U.S. District Court for the Northern District of Florida., Case No. 2:09-cv-02303)

    *Joanne Suhr et al. v. Matrixx Initiatives, Inc., et al.*, U.S. District Court for the District of Arizona, Case No. 2:09-cv-02562 (transferred from the U.S. District Court for the Northern District of Ohio, Case No. 2:09-cv-02562)

    *Russell Surette v. Matrixx Initiatives, Inc., et al.,* U.S. District Court for the District of Arizona, Case No. 2:10-cv-01686 (transferred from U.S. District Court of Massachusetts, Case No. 1:10-cv-11102).

    *John Tassi v. Matrixx Initiatives, Inc., et al.*, U.S. District Court for the

- 4 -

District of Arizona, Case No. 2:09-cv-02136 (transferred from the U.S. District Court for the Southern District of California, Case No. 3:09-cv-01450)

*Joshua Teperson v. Matrixx Initiatives, Inc., et al*, U.S. District Court for the District of Arizona, Case No. 2:09-cv-02137 (transferred from the U.S. District Court for the Southern District of California, Case No. 3:09-cv-01358)

*Mildred Thrasher et al. v. Matrixx Initiatives, Inc., et al.*, U.S. District Court for the District of Arizona, Case No. 2:09-cv- 02134 (transferred from the U.S. District Court for the Eastern District of Arkansas, Case No. 2:09-cv-02134)

*Brandon Webb, et al. v. Matrixx Initiatives, Inc., et al.,* U.S. District Court for the District of Arizona, Case No. 2:10-cv-00168 (transferred from U.S. District Court for the Northern District of Illinois, Case No. 1:09-cv-07225)

*Mary Young, et al. v. Matrixx Initiatives, Inc., et al.*, U.S. District Court for the District of Arizona, Case No. 2:09-02300 (transferred from the U.S. District Court for the Middle District of Alabama, Case No. 2:09-cv-02300)

13.  In accordance with section 3.1 of the Settlement Agreement,

[T]he Settlement Class, each member of the Settlement Class, and Plaintiffs fully release and discharge Defendants set forth in Exhibit 1, any retail establishment that sold Zicam Cold Remedy Intra-Nasal Products, and all businesses or individuals employed or retained by Defendants to assist with any aspect of the manufacture, design, formulation, labeling, marketing, promotion, distribution or sale of any Zicam Cold Remedy Intra-Nasal Product, and their present and former parent companies, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates and successors and assigns from any and all claims, actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether class, individual or otherwise in nature, damages, liabilities of any nature whatsoever, including costs, expenses, penalties, attorneys' fees under any federal or state law, and whether asserted directly or indirectly, or whether known or unknown that Plaintiffs or any member of the Zicam Cold Remedy Intra-Nasal Products Safety Settlement Class asserted or that could have been asserted (specifically excluding bodily injury and efficacy related claims as set forth below), based upon, arising out

1         of, or relating to, the safety of Zicam Cold Remedy Intra-Nasal Products,

2         whether in law or equity, known or unknown, before any court or similar body.

3         This release does not include claims for bodily injury or claims that Zicam Cold

4         Remedy Intra-Nasal Products or Zicam Oral Products were not effective or that

5         defendants lacked adequate scientific proof of their efficacy.

6     14.     The Court finding that no reason exists for delay in ordering final judgment

7 pursuant to Rule 54(b), Fed. R. Civ. P., the clerk is hereby directed to enter this final

8 Judgment forthwith.

9       **IT IS ORDERED GRANTING** plaintiffs' Motion to Dismiss Efficacy Claims

10 without prejudice (doc. 998).

11       **IT IS ORDERED GRANTING** plaintiffs' "Motion for Final Approval of the

12 Zicam Cold Remedy Intra-nasal Products Safety Settlement Class for Injunctive Relief

13 Only and Petition for Attorneys' Fees and Expenses" (doc. 1422).

14       Dated this 27th day of May, 2011.

15

16                              */s/ Frederick J. Martone*

17                                Frederick J. Martone
                                 United States District Judge

18

19

20

21

22

23

24

25

26

27

28